## MATHEWS v. BURDICK et al.

*(Circuit Court, N. D. Iowa, W. D. May 25, 1889.*

QUIETING TITLE—TAXATION—ASSESSMENT.

In a suit to quiet title complainant claimed under a conveyance in 1868. Defendant claimed under a treasurer's deed for sale of the land for delinquent taxes of the year 1868. The bill alleged that there was no assessment for that year, and that the sale was void. It was not averred that complainant, or those under whom he claimed, were ever in actual possession of the land, or ever paid any taxes thereon. Defendants ever since the sale paid the taxes, claiming to be the owners. It did not appear that complainant was ignorant of the tax-sale. The evidence that there was no assessment for 1868 consisted in the testimony of the county judge for 1867 that he had no knowledge of an assessment for 1867; of the county clerk for the same year, that so far as he knew there was no assessment for 1867, and that he made a tax-list by copying from lists of previous years; and of a later county auditor, that he could not find a record of assessment of the property for 1867 or 1868; but that the minute-book showed that the bond of the assessor was accepted and approved in January, 1868. Revision Iowa, 1860, § 753, required land to be listed and valued in 1861 and every second year thereafter, and authorized the treasurer to assess property which had not been previously assessed. Section 897 of the Code makes the treasurer's deed presumptive evidence that the land

was properly listed and assessed. *Held,* that the proof was not sufficient after the lapse of so long a time to overcome the presumption of a regular assessment in the year 1868.

In Equity. Bill to quiet title to land.

*O. M. Barrett* and *J. H. & C. H. Swan,* for complainant.

*C. W. Carter* and *Joy, Hudson & Joy,* for defendants.

SHIRAS, J. The bill in this cause is filed for the purpose of quieting the title to 80 acres of land in Sioux county, Iowa; it being averred that one H. M. Peek entered the land June 10, 1857, and obtained a patent therefor, and that through several mesne conveyances the title passed to the complainant in April, 1868; that the defendants claim title to the premises under a sale of the land for delinquent taxes of the year 1868, the property having been sold therefor, and a deed executed by the treasurer of the county to Cyrus Ames, which was duly recorded November 13, 1872. In 1874 James H. Easton, the then owner of the tax-title, brought in the district court of Sioux county an action against W. H. Stanley and the present complainant for the purpose of quieting his title, and a decree to that effect was rendered March 17, 1874. In 1882 Easton conveyed the land to Nels Kessy, by whom it was in the same year conveyed to the defendant Burdick. In the bill it is charged that the sale of the land for taxes was void, because there was no assessment of the realty for the year 1868, and that the decree in the action for quieting the title is of no effect because there was no personal service had of the original notice in that cause, service being made by publication only, and that it is not shown upon the record in the cause that the defendants were non-residents of the state of Iowa at that time. It is not averred nor shown that the complainant nor those under whom he claims title were ever in the actual possession of the land, or that they ever paid any taxes thereon. Since the sale for taxes in 1868 the defendants and those under whom they derive title have paid the taxes, claiming to be the owners of the property. No reason is assigned for the long delay on part of the complainant in asserting his ownership to the property. He is content with showing from the records that the title passed from the United States to H. M. Peek in 1857, and to the complainant in 1868, and he also avers facts showing that the land had been sold for delinquent taxes in 1868, and that the purchaser and his grantees had since that date paid the taxes assessed upon the property, and were selling and conveying the same in reliance upon the validity of their tax-title. Complainant's testimony was not taken in the case, and in his bill he does not aver that he was ignorant of the transactions affecting the property which the record discloses. The sole fact therefore upon which he bases his right to the aid of a court of equity is that 18 years before the present suit was brought he received a conveyance of the property from the then owner of the patent title. He certainly knew that the land was subject to taxation, and if the taxes were not paid it would be sold therefor. If he was in fact the owner of the land, it was his duty to pay the taxes assessed thereon, but instead of so doing he has stood by and per-

mitted the defendants and those under whom they claim to pay the taxes for the entire period. According to the view seemingly taken by complainant he could permit this state of affairs to continue for any length of time, and then at his own convenience and good pleasure invoke the aid of a court of equity to establish his title in the land.

It is well settled that independently of the statute of limitations, upon recognized equitable principles, courts of equity will refuse aid to a complainant who has been guilty of laches in applying for relief. *Badger* v. *Badger*, 2 Wall. 87; *Sullivan* v. *Railroad Co.*, 94 U. S. 811; *Richards* v. *Mackall*, 124 U. S. 183, 8 Sup. Ct. Rep. 437. There are certainly strong grounds for holding that the facts bring this case within the operation of the rule announced in the cases cited, but whether this be so or not, it certainly is true that when a party without any apparent excuse or reason for the delay permits 18 years to elapse after a sale is had of his property for delinquent taxes before attacking the same, he will be required to adduce satisfactory evidence in support of his contention before a court will grant him relief. The sole ground upon which complainant relies in contesting the validity of the tax-sale is one of fact, to-wit, that there was no assessment of the lands for the year 1868. By the provisions of the Code of Iowa, § 897, the treasurer's deed is made presumptive evidence that the realty was subject to taxation, and that it was properly listed and assessed. The production of the treasurer's deed, properly acknowledged and recorded, makes out in favor of the defendants a presumptive case that the land was assessed for the year 1868. Having allowed so many years to elapse since the sale of the property for the taxes of 1868 without questioning the validity thereof, complainant cannot expect a court to find with him upon the question of fact, whether the land was or was not assessed, unless the proof adduced is clear and satisfactory that no assessment was made. The testimony of three witnesses has been taken upon this question. R. D. Faught testifies that in the year 1867 he lived in Sioux county, and acted as county judge. He testifies that he has no knowledge of an assessment for the year 1867. He left the county in November, 1867. R. H. Miller resided in Sioux county about five months in 1867, and while there acted as county clerk and clerk of board of supervisors. He testifies that there was, so far as he knows, no assessor for the county in 1867; that he made out a tax-list by copying from lists of previous years. Neither of these witnesses resided in Sioux county in the year 1868, and their testimony throws no light upon the transactions for that year. The remaining witness, F. E. Campbell, testifies that he was employed in the auditor's office of the county from April, 1881, until in 1884, when he was elected auditor, in which position he had charge of the office for four years. He further testifies that he had not been able to find in the office any record of an assessment of the property in the county for the years 1867 or 1868; that there was in the treasurer's office a tax-list for the several years since the organization of the county; that the minute-book of the board of supervisors showed that on the 14th day of January, 1868, the bond of M. A. Reamer as assessor was accepted and approved.

Under the provisions of the Revision of 1860, real estate was to be listed and valued in the year 1861, and every second year thereafter, so that in 1867 the ordinary assessment of the realty at large should have been made. The statute further provides that "in each year in which real estate is not regularly assessed, it shall be the duty of the assessor to list and value any real property not included in the previous assessment." It is also made the duty of the treasurer to assess any real property subject to taxation which may have been omitted by the assessor. It is unquestionably true that the evidence thus adduced tends strongly to support the averment that there was no regular assessment of the realty of the county in the year 1867. We are left in doubt, however, as to the transactions of the year 1868. The evidence tends to show that there was an assessor for that year. Whether he took any action affecting the property in question we do not know. It is shown that tax-lists for each of the years are to be found in the treasurer's office. Under section 753 of the Revision. the treasurer could assess property subject to taxation which had not been previously assessed, so that it is possible that the 80 acres in question may have been legally assessed, even though there was not a qualified assessor for the county in 1867, and even though the tax-list for that year may have been made up by copying from the lists of previous years, as is testified to by R. M. Miller. Had the complainant been prompt in moving for the protection of his rights, this question could have been investigated and determined at a time when full evidence of the facts might have been attainable. Having without cause or reason delayed so many years, he can not complain if the court holds him to plenary proof of his averment that in fact the property in question was not assessed for the year 1868. The defendants have the statutory presumption in their favor. The evidence in favor of complainant is negative in its character, in that it consists of the fact that the assessment books or record for 1868 cannot be found, and, under the circumstances of this case, it cannot be held that this fact is sufficient to overcome the presumption in favor of the validity of the tax-sale and the title based thereon. Complainant's bill will therefore be dismissed on the merits, and defendants will recover their costs.